I, Christopher S. Milley, being duly sworn, depose and state as follows:

## INTRODUCTION AND OFFICER BACKGROUND

1) I am a Deportation Officer with the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") assigned to the office of the Field Office Director ("FOD"), Boston, Massachusetts, and have been so employed since June of 2007. I am currently assigned to the ERO Criminal Prosecutions ("ECP") unit and have been so since June of 2017. I attended the Immigration Officer Basic Training Course in 2007 and have been employed as a professional immigration officer in a full time, continuous status for approximately 15 years. I have received training and experience in the enforcement of the immigration laws of the United States and the detection and apprehension of individuals who are in the United States unlawfully. I am assigned to investigate cases involving persons who have illegally reentered the United States after having been deported and other violations of the Immigration and Nationality Act. I know that it is a violation of Title 8, United States Code, Section 1326 to reenter the United States after deportation without having received the express consent of the Secretary of the Department of Homeland Security ("DHS") after that date.

2) The information contained in this affidavit is based upon information from my investigation, as well as information provided to me by other law enforcement agents and agencies, a review of criminal history records, and a review of documents from the Alien File #xxx-xxx-384 ("A-File") associated with a person named EDUARDO ALVAREZ (born 1990). I make this affidavit in support of a

1

criminal complaint charging ALVAREZ with reentry of removed aliens, in violation of Title 8, United States Code, Section 1326 and interference with an officer engaged in the performance of official duties in violation of Title 18, United States Code, Section 111.

### 2009 REMOVAL FROM THE UNITED STATES

3) In April 2008, Eduardo ALVAREZ, a citizen of Mexico, was identified by ICE due to an arrest in Waltham, Massachusetts. He was convicted of carrying a firearm without a license, in violation of MA G. Laws c. 269, §10 (a) and sentenced to 18 months in the House of Correction. Waltham District Court Docket 0851CR000814.

4) After his arrest, a "Notice of Action" by the DHS (Form I-247) was served on the defendant. On March 12, 2009, ALVAREZ submitted a Stipulated Request for Issuance of Final Order of Removal.

5) Upon completion of his Middlesex County sentence on October 13, 2009, he was transferred to ICE custody. On October 26, 2009, an Order of Removal was issued by the United States Immigration Court in Boston, Case Number A098-242-384.

6) On November 12, 2009, ICE Officers removed ALVAREZ from the United States to Mexico through Brownsville, Texas. At the time of his removal, his fingerprint and photograph were obtained and affixed on a Warrant of Removal, Form I-205.

### 2011 REMOVAL FROM THE UNITED STATES

7) Approximately eight months after ALVAREZ was removed from the United States, on July 8, 2010, ALVAREZ was arrested by ICE in Waltham,

Massachusetts. He was served with a Notice of Intent/ Decision to Reinstate Prior Order Form I-871 on July 9, 2010.

8) On July 20, 2010, ALVAREZ provided a sworn statement to ICE, identifying himself as Edwardo ALVAREZ, year of birth 1990. ALVAREZ stated that he had been born in Mexico and confirmed that he was deported from the United States in October 2009. He said that he was driven across the border from Texas to Mexico[1]. He stated that he had returned into the United States approximately two months before his arrest.

9) ALVAREZ was referred to the United States Attorney's Office, District of Massachusetts. He was indicted and convicted of violating Title 8, United States Code §1326 and sentenced to eight months imprisonment. United States v. ALVAREZ, 1:10cr10237. At the conclusion of his prison sentence, ALVAREZ was transferred to ICE custody.

10) On April 14, 2011, ICE Officers again removed ALVAREZ from the United States to Mexico through Brownsville, Texas. At the time of his second removal, his fingerprints and photograph were obtained and affixed on a Warrant of Removal, Form I-205.

**February 16, 2022 Arrest**

11) On February 16, 2022, agents traveled to a residence in Leominster, Massachusetts in order to arrest ALVAREZ on an administrative warrant of arrest. ICE was alerted that ALVAREZ was again in the country after he was arrested by the Leominster Police Department and charged with assault and

---

[1] ALVAREZ was ordered removed on October 29, 2009 and driven to Mexico in November, 2009.

battery on a family member on July 20, 2021. Docket 2161CR000586. This charge is still pending.

12) At approximately 7:15 a.m., ALVAREZ was observed driving away from the residence in a white Audi A4. ICE officers Simmons, Piepiora and Hurley, traveling in three unmarked government vehicles equipped with emergency equipment, followed the Audi and attempted to stop it in the vicinity of North Main Street and Mill Street by activating their lights and sirens.

13) Officer Simmons positioned his vehicle, with lights and sirens activated, behind ALVAREZ. Officer Piepiora placed his vehicle, also with lights and sirens activated, in front of ALVAREZ.  Before Officer Piepiora was able to stop and exit his vehicle, ALVAREZ accelerated and struck Officer Piepiora's vehicle. The impact caused damage to the front of ALVAREZ's Audi and the rear of Officer Piepiora's vehicle.

14) ALVAREZ then drove off in a northward direction on N. Main Street, traveling through a red light into oncoming traffic. ALVAREZ forced other vehicles, including an oncoming Leominster Police detective, onto the side of the road before stopping at his residence, approximately 2/10 of a mile away.

15) ALVAREZ arrived at his residence with ICE officers in pursuit.  He exited the Audi and approached the residence.  Officer Piepiora, who was wearing a badge, commanded ALVAREZ to stop.  ALVAREZ instead entered the residence.

16) The passenger of the Audi, identified as ALVAREZ's girlfriend, told officers that ALVAREZ knew they were "ICE" and that the officers were looking for him.

17) After approximately 90 minutes, ALVARAZ exited the house with his hands up. He complied with the officers' orders and was placed in custody.

18) ALVAREZ was taken into custody by the Leominster Police due to an outstanding warrant from Waltham District Court. Docket 2151CR0001300.

19) . He was transported to Leominster District Court and ordered held without bail on two pending charges. Docket 2061CR484 and 2161CR000586. ALVAREZ is detained at the Worcester House of Corrections. The Waltham warrant is still outstanding. Waltham District Court Docket 2151CR0001300.

**IDENTIFICATION OF ALVAREZ**

20) When ALVAREZ went through the intake process at the Worcester House of Corrections, his fingerprint impressions were taken. I submitted a copy of those impressions to the DHS Forensic Laboratory along with copies of the I-205 Warrant of Removal/ Deportation for ALVAREZ executed on November 12, 2009 with a fingerprint impression and the I-205 Warrant of Removal/ Deportation executed on April 14, 2011.

21) On or about February 28, I received a report from Senior Fingerprint Specialist Craig Hellmann, who opined that the fingerprints of ALVAREZ obtained at the Worcester House of Corrections on February 16, 2022, were made by the same individual as those on the I-205 warrant of removal dated April 14, 2011. According to Hellman, the I-fingerprint impression on the I-205 dated November 12, 2009 lacked sufficient clarity and detail for comparison.

22) I reviewed the A-file maintained by the DHS and determined that ALVAREZ did not apply to the DHS Secretary for admission to the United States.

**CONCLUSION**

23) Based on the foregoing facts, there is probable cause to believe that on or about February 16, 2022, Eduardo ALVAREZ, being an alien and having been excluded, removed, or deported from the United States on or about November 12, 2009, and April 14, 2011, was found in the United States without having received the express consentof the Secretary of Homeland Security to reapply for admission to the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(1).

24) In addition, there is probable cause that, on February 16, 2022 ALVAREZ did forcibly resist, oppose, impede, intimidate or interfere with a federal officer while engaged in the performance of official duties in violation of Title 18, United States Code, Section 111.

*Christopher S. Milley*
Christopher S. Milley, Deportation Officer
US Immigration & Customs Enforcement

SWORN to telephonically in accordance with Fed. R. Crim. P. 4.1 on March __16__, 2022

12:49 P.M.

*David H. Hennessy*
HONORABLE DAVID H. HENNESSY
UNITED STATES MAGISTRATE JUDGE